UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Hakim Abdulah Rashid, | ) | Crim. No.: 4:10-cr-00941-RBH |
| | ) | Civ. Action No.: 4:17-cv-02971-RBH |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on Petitioner's pro se [ECF No. 1353] motion to vacate pursuant to 28 U.S.C. § 2255. Petitioner raises the following four grounds in his motion to vacate: 1) ineffective assistance of counsel with regard to his guilty plea; 2) conflict of interest arising from a U.S. Probation Officer's marriage to a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives; 3) ineffective assistance of counsel during sentencing; and 4) prosecutorial misconduct.

On November 14, 2017, the government filed a motion to dismiss arguing Petitioner's motion to vacate was untimely and should be dismissed. On November 14, 2017, a *Roseboro* Order was issued advising Petitioner that a motion to dismiss and/or for summary judgment had been filed and that his failure to respond could result in the dismissal of his case. *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975). Petitioner filed a response in opposition. [ECF No. 1367]. Petitioner also filed a pro se motion to disqualify the U.S. Attorney's Office and a pro se motion to stay the action pending a ruling on the motion to disqualify. *See* [ECF Nos. 1362 & 1365].

For the reasons stated below, the Court grants Respondent's motion to dismiss, dismisses

Petitioner's motion to vacate, and dismisses this case with prejudice.[1]

## **Procedural History**

On September 28, 2010, Petitioner was indicted for his participation in a conspiracy to possess with intent to distribute and distribute 50 grams or more of cocaine base and 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.

On September 13, 2011, Petitioner pled guilty, pursuant to a plea agreement, to conspiracy to possess with intent to distribute and distribution of 50 grams or more of crack cocaine and a quantity of cocaine. The presentence investigation report ("PSR") prepared by the U.S. Probation Office determined that Petitioner's advisory guideline range was 480 months. However, at the sentencing hearing, the Court found that Petitioner's advisory guideline range was 292 to 365 months imprisonment based on a total offense level of 38 and criminal history category III.

The Court granted Petitioner a slight variance and sentence Petitioner to 262 months imprisonment. Pursuant to Amendment 782 to the United States Sentencing Guidelines, Petitioner's sentence was reduced to 235 months imprisonment effective November 1, 2015.

Petitioner timely appealed his conviction and sentence, which was affirmed by the Fourth Circuit Court of Appeals on August 26, 2013. The Mandate and Judgment were issued on October 2, 2013. Petitioner filed a petitioner for writ of certiorari to the U.S. Supreme Court, which was denied on February 24, 2014. *Rashid v. United States*, 134 S.Ct. 1336, 2014 WL 684429 (February 24, 2014).

---

[1] Because the facts and legal arguments are adequately set forth in the existing record, an evidentiary hearing is not necessary. *See United States v. Burton,* 26 Fed. Appx. 351 (4th Cir. 2002); *United States v. Yearwood,* 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").

Petitioner initiated the instant motion to vacate pursuant to 28 U.S.C. § 2255 on October 26, 2017, the date the motion was delivered to the prison mailroom.

## Applicable Law

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "The writ of habeas corpus and its federal counterpart, 28 U.S.C. § 2255, 'will not be allowed to do service for an appeal.' (internal citation omitted) For this reason, nonconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings. (internal citations omitted) Even those nonconstitutional claims that could not have been asserted on direct appeal can be raised on collateral review only if the alleged error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice'". *Stone v. Powell*, 428 U.S. 465, n. 10 (1976); *see also United States v. Boyd*, No. 02-6242, 2002 WL 1932522, at *1 (4th Cir Aug. 22, 2002) ("Non-constitutional claims that could have been raised on direct appeal . . . may not be raised in a collateral proceeding under § 2255.").

## Discussion

The government argues that Petitioner's motion to vacate is untimely and must be

dismissed.[2] The Court agrees.

The enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended § 2255 by imposing a one-year statute of limitations period for the filing of any motion under this Section. Accordingly, the one-year period of limitation begins to run from the latest of the following four dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). In appropriate cases, the Supreme Court has determined that the time limit for the filing of a habeas corpus petition is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631 (2010). A movant is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way" and prevented

---

[2] The government also argues, incorrectly, that Petitioner's motion to vacate is a second or successive petition. A habeas petition that is filed after an initial petition was dismissed without adjudication on the merits is not a second or successive petition. *Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000). In this case, Petitioner's first motion to vacate was dismissed without prejudice [ECF No. 883]. Petitioner's second motion to vacate was withdrawn. [ECF Nos. 1327 & 1330]. Because Petitioner's first two motions to vacate were not adjudicated on the merits, the present motion to vacate is not a second or successive petition.

4

timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. , 161 L.Ed.2d 669 (2005). Whether a circumstance warrants equitable tolling is made on a case-by-case basis. *Holland*, 130 S.Ct. at 2563 (quoting *Baggett v. Bullitt*, 377 U.S. 360, 375, 84 S.Ct. 1316, 12 L.Ed.2d 377 (1964)).

In this case, Petitioner's conviction became final when the U.S. Supreme Court denied his petition for writ of certiorari on February 24, 2014. *See United States v. Segers*, 271 F.3d 181, 186 (2001) (holding defendant's conviction became final, so that one-year limitations period applicable to his motion to vacate began to run, on date when Supreme Court denied his petition for writ of certiorari, rather than on later date when Supreme Court denied his petition for rehearing). Petitioner's motion to vacate was not filed until October 26, 2017, more than one year after his conviction became final. Because none of the other three potential triggering dates set forth in 28 U.S.C. § 2255(f) apply to this case, Petitioner's motion to vacate is untimely. *See Whiteside v. United States*, 775 F.3d 180 (4th Cir. 2014). Petitioner has also failed to demonstrate a sufficient basis to warrant equitable tolling.

Petitioner's motion to vacate is dismissed as untimely.

Petitioner has also filed a motion to disqualify the U.S. Attorney's Office for the District of South Carolina. This motion is without merit and, moreover, the timeliness issue is dispositive of Petitioner's motion to vacate.

## Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's

assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the Court concludes that Petitioner fails to make the requisite showing of "the denial of a constitutional right."

## Conclusion

For the reasons stated above, the government's [ECF No. 1358] motion to dismiss is **GRANTED** and Petitioner's pro se [ECF No. 1353] motion to vacate pursuant to 28 U.S.C. § 2255 is **DISMISSED with prejudice**.

Petitioner's [ECF No. 1362] motion to disqualify the U.S. Attorney's Office is without merit and is **DENIED**. Petitioner's [ECF No. 1365] motion to stay pending a ruling on the motion to disqualify is also **DENIED**.

**IT IS SO ORDERED**.

| | |
|---|---|
| May 23, 2018 | s/ R. Bryan Harwell |
| Florence, South Carolina | R. Bryan Harwell |
| | United States District Judge |